MARY E. PERKINS, *Plaintiff in Error, v.* MRS· C. O'DON-
ALD AND MR. C. O'DONALD, HER HUSBAND, *Defendants
in Error.*

## ON PETITION FOR REHEARING.

PER CURIAM.—A will may be construed so as to effectu-
ate the testator's lawful intent *as expressed in the will;*
and when errors that are made in particularly describing
the subject of a devise are corrected, explained or rend-
ered immaterial *by other words contained in the will*
that sufficiently identify the subject of the devise, the
errors made in particularly describing the subject devised
may be disregarded, and the devisee will take the prop-
erty of the testator *shown by the will to have been in-
tended* as a devise. But where errors of description are
not explained or corrected or rendered immaterial or an
intent to devise property of the testator does not appear
by other language contained in the will after disregard-
ing the particular description, the devise will fail if the
subject described be not the property of the testator.

In Albury v. Albury, 63 Fla. 329, 58 South. Rep. 190,
the general words "all that certain lot of land on Long
Key, Monroe County, Florida," with the circumstances
in evidence, rendered the erroneous particular description
immaterial. In Patch v. White, 117 U. S. 210, 6 Sup. Ct.
Rep. 617, 710, the court held that "the will, on its face,
taking it altogether, with the clear implications of the
context, and without the misleading words," devised prop-
erty of a different description owned by the testator "and
not specifically devised to any other person."

In this case if the particular description, viz, "the east
half of Lot 1, Block Twenty-two (22) with the house

thereon at North Pablo Beach, Florida," be disregarded, the remaining words "to have and to hold the *said describ- ed house and lot*" unto the divisee, must fail as there is nothing in the will to correct or explain or render imma- terial the particular description, which is of property not owned by the testator, and the will contains no words that with extraneous evidence would disclose an intent to devise to Mrs. O'Donald any property other than that particularly described therein. If the particular descrip- tion be disregarded there would be nothin left to iden- tify other property with the aid of extrinsic evidence, if legally admissible. The words "the said described house and lot" make the will express an intent to devise only the land described.

Conceding a presumption that the testatrix intended to devise her own property, the description of the prop- erty in the devise shows an expressed *particular* intent as to the property devised. The language used in the de- vise disclose no patent ambiguity; and the words of the devise taken with evidence that she did not own the land described, would not produce a latent ambiguity, since the general words in the devise *expressly* refer to the property "*described*" therein, and such general words can- not by other evidence be shown to refer to poperty not so "described," in the absence of anything in the will to warrant it. There is no language *in the will* that may with permissible explanatory evidence, identify other land than that expressly and specifically described in the devise; and the intention of the testator, *as expressed in the will,* must control.

The petition for rehearing in denied.

All concur.